CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
MAY 18 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHARLES EDWARD PARHAM,** | ) | Civil Action No. 7:08-cv-00583 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **GENE JOHNSON,** | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Charles Edward Parham, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Parham challenges his two cocaine distribution convictions from the Circuit Court of Rockbridge County for which he is presently incarcerated. Parham alleges that the evidence was not sufficient to sustain his conviction and he received ineffective assistance of counsel. The respondent filed a motion to dismiss to which Parham responded, making the matter ripe for disposition. After reviewing the record, the court grants the respondent's motion to dismiss and dismisses Parham's petition for a writ of habeas corpus.

I.

The Circuit Court of Rockingham County convicted Parham of two counts of distributing cocaine, in violation of Virginia Code § 18.2-248.[1] The circuit court sentenced Parham on April 18, 2006, to serve ten years incarceration. Parham appealed to the Court of Appeals of Virginia ("Court of Appeals"), challenging the sufficiency of the evidence to sustain his conviction. The Court of Appeals dismissed the appeal as untimely, later granted a belated appeal, and subsequently dismissed the appeal on the merits in October 2007. Parham filed a petition for

---

[1] This section makes it unlawful "for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance...." Va. Code § 18.2-248(A).

appeal on the same issue to the Supreme Court of Virginia, which was refused.[2]

Parham filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, alleging ineffectiveness of counsel for failing to timely ask the trial court to change Parham's not guilty plea to guilty. The prosecutor offered Parham a five year sentence for his guilty plea, and Parham declined the offer and proceeded to a jury trial. Parham wanted to change his plea during the jury's deliberations, but counsel did not bring the matter to the court's attention until after the jury finished its deliberations. The trial court denied Parham's untimely request, and the jury found Parham guilty of both counts. The Supreme Court of Virginia denied the petition on its merits after finding that Parham failed to satisfy the prejudice prong required by Strickland v. Washington, 466 U.S. 668 (1984).

Parham timely filed his federal petition for a writ of habeas corpus in November 2008. Parham alleges that the evidence was insufficient to sustain his conviction because:

1. The quality of the surveillance recording was too inconsistent to be relied upon beyond a reasonable doubt;
2. One of the tapes specifically showed that the controlled buy was from another person, not Parham; and
3. The confidential informant did not corroborate the correct currency denomination allegedly used to buy the cocaine.

Parham also alleges that he received ineffective assistance of counsel because trial counsel did not timely notify the court that Parham wanted to change his not guilty plea to guilty.

On January 7, 2009, the court granted Parham's first motion to amend his petition that

---

[2] The court will rely on the Court of Appeals' opinion adjudicating Parham's sufficiency of the evidence claim because it is the last state court judgment explaining the claim on the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

2

added the following ineffective assistance of counsel claims ("amended claims"):

1. Counsel did not poll the jury after the verdict;
2. The trial judge abused his discretion and committed reversible error by not polling the jury on his own motion;
3. Counsel did not preserve his objections for appeal nor discussed how to preserve the record;
4. Counsel failed to object to the two deficient indictments which were proffered on stale evidence and violated due process and speedy trial rights;
5. Convicting Parham based on stale evidence violated due process;
6. The grand jury and trial jury did not constitute a representative cross-section of the community because they lacked African or Hispanic peers;
7. Counsel failed to file a motion for a bill of particulars or a motion to suppress the audio recordings;
8. Counsel failed to secure copies of grand jury transcripts to prepare Parham or counsel for cross-examination of the police and the informant; and
9. Counsel failed to secure forensic evidence and expert testimony about the audio recordings.

II.

A.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas relief for unexhausted claims that were not presented to the highest state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To exhaust a claim, the petitioner "must have presented to the state court 'both operative facts and the controlling legal principles.'" Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Additional facts not presented to the state court may not be considered by the federal court absent cause and prejudice. See Keeney v. Tamayo-Reyes, 504 U.S. 1, 8-12 (1992) (superceded in part by the Anti-Terrorism and Effective Death Penalty Act of 1996 ); Wilson v. Moore, 178 F.3d 266, 272 (4th Cir. 1999).

3

If a petitioner fails to present his claims to the highest state court, the claim will be considered exhausted if it clearly would be procedurally barred under independent and adequate state law grounds. Gray v. Netherland, 518 U.S. 152, 161 (1996). A federal court may not subsequently review an exhausted, defaulted claim because the claim is considered adjudicated on independent and adequate state law grounds. Gray, 518 U.S. at 161; see Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Va. Code § 8.01-654(A)(2), (B)(2). However, a petitioner may be excused from procedural default if he can demonstrate cause and prejudice for the default or that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thomspon, 501 U.S. 722, 749 (1991) (internal quotation marks omitted).

All of Parham's amended claims are simultaneously exhausted and procedurally defaulted under independent and adequate state law grounds. Parham did not raise the amended claims in his first habeas petition to the Supreme Court of Virginia that was dismissed in October 2008. Parham presented the amended claims in a subsequent filing to the Supreme Court of Virginia, whose Chief Deputy Clerk stated that the Supreme Court of the Virginia will not consider the amended claims because Parham filed the amended claims two months after his state habeas petition was dismissed. (Letter (docket #25) 3.) If Parham now attempts to present the amended claims in a new habeas petition to the Supreme Court of Virginia, his second habeas petition would be barred by independent and adequate state law grounds. See Va. Stat. § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.").

A petitioner also procedurally defaults a non-jurisdictional issue when the claim could have been presented at trial and on appeal but was not. Slayton v. Parrigan, 215 Va. 27, 29, 205

4

S.E.2d 680, 682 (1974). Therefore, Parham also procedurally defaulted amended claims two, five, and six by not raising them during trial or on direct appeal. Parham does not establish any cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Accordingly, Parham's amended claims must be dismissed.

B.

A federal court may not grant habeas relief for claims presented to and adjudicated by the highest state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). An "adjudication on the merits" for § 2254(d) includes claims that were decided in state court, even in summary fashion. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). A state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

 1. Parham's remaining ineffective assistance of counsel claim.

Parham presented his remaining ineffective assistance of counsel claim to the Supreme Court of Virginia for habeas review. Parham argues that counsel was constitutionally ineffective for failing to timely ask the trial court to change Parham's plea from not guilty to guilty. (See Tr. Tran. 199, 205-06.)

To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other

5

prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability [i]s a probability sufficient to undermine the confidence of the outcome." Id.

After reviewing this claim, the Supreme Court of Virginia held that Parham failed to satisfy the prejudice prong of Strickland because he did not present any evidence "to support his claim that he would have received a maximum sentence of five years had he been allowed to change his plea at the conclusion of his trial." Parham v. Dir. of the Dept. of Corr., No. 080937,

6

slip op. at 1-2 (Va. Sup. Ct. Oct. 31, 2008). The Supreme Court of Virginia relied on the prosecutor's affidavit that stated that the offer of five years incarceration for Parham's guilty plea expired when Parham proceeded to trial. (Maxwell Aff.) The prosecutor also averred that no offer of a particular sentence or recommendation would have been available to Parham if Parham pled guilty before the jury published its verdict. (Id.)

The Supreme Court of Virginia did not make any factual finding whether counsel performed deficiently but held that Parham did not demonstrate prejudice. Parham did not elaborate in his federal petition how any allegedly deficient performance substantively prejudiced him. Therefore, the court cannot conclude that the Supreme Court of Virginia acted unreasonably or contrary to clearly established United States Supreme Court precedent in finding that Parham did not establish a reasonable probability that the outcome would have been different but for counsel's alleged deficient performance. See 28 U.S.C. § 2254(d).

2. Parham's sufficiency of the evidence claim.

Jackson v. Virginia, 443 U.S. 307 (1979), established the applicable standard of review for a federal habeas court to decide whether sufficient evidence existed to support a state court conviction against a due process attack.[3] Jackson holds that a state court conviction will not be disturbed if the federal habeas court determines that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" after viewing the evidence in the light most favorable to the prosecution. 443 U.S. at 318-19 (original emphasis).

Parham appealed his conviction to the Court of Appeals. The Court of Appeals held that

---

[3] The due process clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).

7

the evidence was sufficient to convict Parham of distribution of cocaine after viewing the evidence in the light most favorable to the Commonwealth. The court reviewed the trial record, which the Court of Appeals aptly summarized as follows:

> On October 14, 2004, Officers Shenk and Slagle, accompanied by Deputy Mays, met with a confidential informant ("CI") to arrange a controlled purchase of cocaine from [Parham]. The CI, facing his own drug distribution charges, had identified [Parham] to police as a dealer. In preparation fo the controlled purchase, Shenk searched the CI while Deputy Mays searched his vehicle for weapons and narcotics. The officers then supplied the CI with five twenty-dollar bills and followed him to [Parham]'s house.
>
> Investigator T. McFadden and Lieutenant Conner assisted in the operation, and observed the CI as he entered and exited [Parham]'s house. Investigator McFadden testified that the CI left his line of sight briefly when he walked around the side of [Parham]'s house to the side entrance. When the CI returned from the house, he provided the officers with a bag of cocaine. The officers searched him and found nothing else in his possession.
>
> On October 22, 2004, Shenk and two other officers utilized the same procedures and followed the CI to [Parham]'s house again. As he had done previously, the CI returned from [Parham]'s house with cocaine. Shenk searched [the CI][4] again and found nothing else in his possession.
>
> At trial, the CI testified that he purchased cocaine from [Parham] twice in October 2004. On both occasions, he paid [Parham] one hundred dollars in cash for one gram of cocaine. A recording of the conversations between the CI and [Parham] during the two purchases was played for the jury. The CI emphasized he did not want to testify and was concerned for his safety, but that he had agreed to assist the authorities in exchange for lenient disposition of two drug distribution charges pending against him. He acknowledged having provided [Parham]'s name to police as a potential target, but disagreed with Officer Slagle's testimony that he had compiled a list of possible targets for authorities.

Parham v. Commonwealth, No. 0432-07-3, slip op. at 1-2 (Va. Ct. App. Oct. 17, 2007); see also Tr. Tran. at 51-68, 73-78, 80-85, 88-89, 90-91, 93-100, 101-10, 120-23, 127-43, 149-60, 166; Tr.

---

[4] The Court of Appeals wrote the "appellant," but the trial transcript clearly shows that Shenk searched the CI after the CI left Parham's house the second time. See Tr. Tran. 64-66.

8

Ex. Comm. 1 (audio recordings). Parham does not present clear and convincing evidence that the trial court or jury resolved any factual issue incorrectly.

After reviewing the trial transcript and exhibits in the light most favorable to the Commonwealth, the court finds that any rational trier of fact could have found the essential elements of distribution of cocaine beyond a reasonable doubt because Parham twice exchanged cocaine for money. The Commonwealth proved with forensic examination that the substance was cocaine and explained the cocaine's chain of custody. (Tr. Tran. 155-61, 167.) The audio tapes, in conjunction with testimony from police officers and the CI, establish Parham's receipt of currency in exchange for cocaine.

The court listened to the surveillance tapes and does not find their quality to be so inconsistent that the jury could not rely upon them. The jury could hear the conversation between Parham and the CI about purchasing narcotics. The officer, an expert in drug interdiction, interpreted the drug-slang terminology for the jury. (Tr. Tran. 135-38.) Although an officer said at the beginning of one the recordings that a controlled buy was to be made from "Charles Poindexter" on October 14, 2004, the trial judge issued the jury a cautionary instruction that what the officer said is "really not evidence in this case. . . ." (Tr. Tran. 135.) Furthermore, the officer testified during trial that he merely mixed up the names, he had never seen Parham or any Poindexter before the night of the first controlled purchase, his reference to Poindexter meant Parham, and Parham was identified as the target in later recordings. (Tr. Tran. 82-84.) The CI acknowledged that he paid Parham $100 for the cocaine, but he could not remember what currency denominations he paid Parham because the transaction occurred in October 2004 and the CI testified in January 2006. (Tr. Tran. 107.) After hearing the audio recordings and testimony, the

9

jury gave weight to the credibility of the prosecution's witnesses, investigators and a CI, over the defense witness, Parham's son. See Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (stating federal habeas review does not redetermine the credibility of witnesses). Therefore, Parham fails to establish that no rationale trier of fact could have found beyond a reasonable doubt the essential elements of the crimes.

III.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses the petition.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This ___18th___ day of May, 2009.

/s/ James C. Turk
Senior United States District Judge